## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

     Plaintiff,

v.

A24 Films LLC,

     Defendant.

Case No.: _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff The American Automobile Association, Inc. ("AAA") brings this Complaint for injunctive relief, monetary damages, and all other appropriate remedies against Defendant A24 Films LLC ("A24"). AAA alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and New York common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and New York General Business Law § 360-l; and for deceptive trade practices in violation of New York General Business Law § 349. AAA seeks, among other relief, monetary damages and an order enjoining A24 from using AAA's trademarks in A24's business names, marks, websites, and social media platforms.

2.      This action arises out of A24's knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Specifically, A24 has launched a suite of "membership club services for early or exclusive access to discount products" under the mark AAA24 (the "AAA24 Mark") similar to the membership club goods and services that AAA offers under the similar AAA Marks.

3.      A24's use of the AAA24 Mark is therefore unlawful as it is likely to cause consumers to believe, erroneously, that AAA is associated or affiliated with A24's products and services.  This risk of confusion jeopardizes the goodwill associated with AAA's Marks, the distinctiveness of the AAA Marks, and AAA's control over its own reputation.

4.      In addition, on information and belief, A24 has unjustly profited from its unauthorized use of the AAA Marks and has made unauthorized commercial use of the Marks in New York to its benefit, and to the detriment of AAA and of consumers, in violation of laws set forth above.

## THE PARTIES

5.      Plaintiff AAA (commonly pronounced "Triple A") is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its approximately 60 million members with products and services throughout the United States and

Canada, including New York. AAA provides its products and services through local AAA member clubs, including AAA Northeast, which serves members on Long Island, in New York City, and in Westchester, Rockland, Sullivan, Ulster, Dutchess, Orange, Putnam, Chenango, Delaware, Otsego, Schoharie and Herkimer counties, and parts of Lewis, Madison, and Oneida counties.

6.    On information and belief, Defendant A24 Films LLC is a foreign limited liability company registered in and operating under the laws of New York, with a principal place of business at 31 West 27th Street, 11th Floor, New York, New York, 10001.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this action under 15 U.S.C. §§ 1116 and 1121 and under 28 U.S.C. §§ 1331, 1337, and 1338 because this case arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*.

8.    This Court has jurisdiction over AAA's state law claims under 28 U.S.C. §§ 1338(b) and 1367(a) as well as under general principles of supplemental and pendent jurisdiction.

9.    A24 is subject to personal jurisdiction within the Southern District of New York because, on information and belief, it conducts business in this District.

10.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because, on information and belief, A24 conducts business in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

### FACTS ENTITLING AAA TO RELIEF

**A.     AAA's Widespread and Substantial Use of Its Registered AAA Marks**

11.     Since its founding more than 120 years ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is based largely on the consistent high quality and long-standing reliability of the products and services it provides under its AAA Marks through its AAA local clubs and member services offices.

12.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter, including by advocating for travel safety and road improvement.

13.     In addition to being associated with providing reliable travel- and vehicle-related products and services, AAA has become known for offering membership club services beyond driving-related services, which include discounts to members for goods or services such as travel, hotel accommodations, restaurants, and shopping.

14.    AAA also offers information, recommendations, and exclusive deals and discounts on entertainment, including movie and theater tickets and live performances.

15.    AAA has invested significant resources—including for advertising campaigns and promotional efforts—to develop and foster the reputation, recognition, and goodwill associated with its products and services provided under the AAA Marks.

16.    AAA has used and continues to use the AAA Marks in interstate commerce to identify its products and services.

17.    AAA and its local clubs have registered AAA-related domain names and maintain internet websites through which AAA members and the general public may obtain information and, in some cases, purchase or use products and services. AAA created and operates these websites to attract members and customers, encourage their interest in AAA and its local clubs, and offer products and services to customers.

18.    AAA also uses its Marks in a wide variety of ways in a wide variety of places, including on membership cards, at the facilities of local clubs, on social media, and in online and print media and materials.

19.     As a result of these efforts, AAA has become one of the country's best known brands and most successful entities.  There are approximately 60 million card-carrying members of AAA, and that number continues to grow.

20.     AAA has registered with the United States Patent and Trademark Office ("USPTO") more than 150 trademarks, including Marks that AAA has used since at least as early as 1902, in connection with products and services offered to its members.  The federal registrations A24 is violating include:

(a)     Reg. No. 829,265, for the AAA Mark, for use in connection with member services, including arranging for discounts;

(b)     Reg. No. 2,158,654, for the AAA & Design Mark, for use in connection with magazines, pamphlets, booklets, and directories in the fields of travel information, traffic safety, vehicle information and repair, and driver instruction; maps, groups of strip and other maps, and printed booklets and pamphlets featuring touring and route information, and arranging for discounts for members;

(c)     Reg. No. 2,456,403, for the AAA. EVERY DAY. Mark, for use in connection with arranging for discounts for members;

(d)     Reg. No. 2,846,491, for the AAA. USE IT FOR ALL IT'S WORTH Mark, for use in connection with administration of discount program

for members on goods and services through use of a discount membership card;

(e)     Reg. No. 2,855,273, for the AAA MEMBER FARES Mark, for use in connection with arranging discount airline transportation;

(f)     Reg. No. 2,900,596, for the AAA PREMIER Mark, for use in connection with administration of discount program for members on goods and services through use of a discount membership card;

(g)     Reg. No. 2,910,933, for the AAA PRESCRIPTION SAVINGS Mark, for use in connection with arranging for prescription drug discounts for members;

(h)     Reg No. 3,110,510, for the AAA SHOW YOUR CARD & SAVE Mark, for use in connection with arranging for discounts for members from vendors of automotive services, hotel chains, tourist attractions, restaurants, and retail outlets;

(i)     Reg No. 4,646,626, for the AAA DISCOUNTS & REWARDS Mark, for use in connection with administration of a discount program for members on goods and services through use of a discount membership card and promoting goods and services of others by means of an incentive reward program;

(j)     Reg No. 4,646,738, for the AAA DISCOUNTS REWARDS Mark, for use in connection with administering discount group purchasing programs;

(k)     Reg. No. 5,036,379, for the AAA & Design Mark, for use in connection with administration of a discount program for members on goods and services through use of a discount membership card; and

(l)     Reg No. 5,838,139, for the EXPLORE YOUR AAA Mark, for use in connection with printed publications, namely pamphlets, brochures, newsletters, journals and magazines in the fields of automotive, safety and advocacy, travel, insurance, membership benefits and discounts, and financial services.

21.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute *prima facie* evidence of the validity of the registered mark and of the registration of the mark, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce on or in connection with the products and services specified in the registration certificates.

22.     Pursuant to 15 U.S.C. § 1065, Reg. Nos. 829,265; 2,158,654; 2,456,403; 2,846,491; 2,855,273; 2,900,596; 2,910,933; 3,110,510; 4,646,626; 4,646,738; and 5,036,379 are incontestable.

23.    As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services in interstate commerce under the AAA Marks, those trademarks have acquired value and recognition in the United States and throughout the world.   Consumers and the general public throughout this country and abroad recognize the distinctiveness of the AAA Marks and associate them with high-quality and reliable products and services.

24.    Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

25.    As a result of all the foregoing, the AAA Marks have become famous in the United States, including in New York and throughout the world, in connection with AAA's products and services.

**B.    A24's Unlawful Use of the AAA Marks**

26.    AAA has never authorized A24 to use its AAA Marks.

27.    Nevertheless, on information and belief, A24 knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the AAA24 Mark after the AAA Marks became famous in New York, the United States, and abroad.

28.    On April 25, 2022, A24 filed with the USPTO Service Mark Application No. 97/379,480 for the AAA24 Mark based on an intent to use the mark

in connection with "[p]roviding membership club services for early or exclusive access to discount products, receipt of exclusive newsletters, access to special live entertainment events, exclusive social media access, birthday gifts, zines and direct to customer products."

29.    In or around May 2022, AAA learned that A24 was advertising goods and services under the AAA24 name and mark, including a membership club service that competes directly with goods and services offered by AAA, including discounts, publications, and movie tickets.

30.    The AAA24 Mark is confusingly similar to that of AAA's logo. Whereas the A24 house mark has a distinctive stylized design, the AAA24 Mark uses a typeface similar to that of AAA's logo and nearly indistinguishable from the bold Mission Gothic typeface that AAA uses for all official AAA materials.  *See* Fig. 1.  Moreover, A24 has angled its AAA24 logo to emphasize the "AAA" element in the foreground while shrinking the "24" element into the background.  *See* Fig. 2.

**Figure 1**

| A24 | AAA |
|---|---|
|   A24's Standard Logo |   AAA's Logo |

| | |
|---|---|
| <br><br><br><br>A24's AAA24 Logo | <br><br>AAA's Official Typeface |

31.    In addition, A24 has evoked a connection with AAA and its well-known membership cards by creating its own "membership card" (with no actual member information) and encouraging consumers to "[b]ecome a card-carrying member of AAA24"—even though benefits for the AAA24 membership are available only through A24's online store without the need for a card.  *See* Fig. 2.

**Figure 2**



32.     On information and belief, A24 has intentionally tried to associate AAA24 with AAA and its AAA Marks, including with the aim of unjustly benefitting from the recognition and goodwill associated with them.  Tellingly, the design company retained by A24 to develop the AAA24 Mark claims to have "helped [A24] develop and name their streaming service and crafted brand language to match" with an "enigmatic subversive twist," suggesting that A24 intended the AAA24 Mark to be a "subversive twist" on AAA's brand.  *See AAA24*, MYTHOLOGY,  https://www.mythology.com/project/aaa24 (last visited Feb. 26, 2024).

33.     Consumers could therefore easily and mistakenly assume a relationship, association, or affiliation between AAA and A24 and their respective offerings.

34.     In fact, there is substantial overlap between the goods and services actually offered by A24 under its AAA24 Mark and those offered by AAA under its AAA Marks.  As noted, the registrations for the AAA Marks cover, among other things, arranging for discount purchases, administration of a discount program through use of a discount membership card, print and online magazines, and ticket reservation and booking services for entertainment and cultural events.  The USPTO has already concluded that such goods and services are "highly related" to the goods and services listed in A24's application, including providing membership club services for early or exclusive access to discount products, receipt of exclusive newsletters, and access to special live entertainment events.  *See infra* ¶¶ 58–62.

35.     For example, because AAA uses its AAA Marks to provide membership club services that feature discounted movie tickets, consumers could easily, and mistakenly, assume a connection with, sponsorship of, or approval of A24's offerings such as movie-related merchandise and discounted and free screenings.

36.     Indeed, A24 recently elevated the possibility of confusion by using its AAA24 mark as part of a promotion to sell movie tickets in partnership with AMC—

one of AAA's partners for its discounted movie ticket offerings. *See* Ex. A, A24's 'A Lover's Series' Hits AMC Theaters in February, NBC Los Angeles, (Jan. 28, 2024) ("A24 is also offering free stickers and month of AAA24"); AMC Theaters, AAA, (last visited Feb. 26, 2024).  As A24 enters into more such partnerships, the likelihood of confusion will increase even further.

37.     Further, on information and belief, A24 charges only $5 per month for a AAA24 membership, making it more likely that customers will not exercise care in making a purchase and thereby exacerbating the likelihood of confusion.

38.     The likelihood of confusion will only grow as AAA increases its offerings of products and services under the AAA Marks.

39.     A24 has been offering and continues to offer its competing products and services using the AAA24 name and mark despite having received notice of its infringement.

40.     On May 24, 2022, AAA e-mailed a letter to the filing correspondent for the service mark application, requesting that A24 withdraw the service mark application and agree not to use AAA Marks in connection with its services.  *See* Ex. B, Letter from Michael Fretwell, Laubscher & Laubscher, counsel for AAA, to Catherine Farrelly, Frankfurt Kurnit Klein & Selz, counsel for A24 Films LLC.

41.     On July 15, 2022, A24 e-mailed a letter to AAA, acknowledging AAA's "admittedly longstanding rights in its AAA mark," but refusing to withdraw

the service mark application or to agree not to use AAA Marks in connection with its services. Instead, A24 offered to "amend the current ID of its pending application" to read as follows: "Providing membership club services **pertaining to the production and distribution of motion picture films, movies and television programs** for early or exclusive access to discount products, receipt of exclusive newsletters, access to special live entertainment events, exclusive social media access, birthday gifts, zines and direct to customer products**, all of the foregoing relating to the production and distribution of motion picture films, movies or television programs**" (emphasis in original). *See* Ex. C, Letter from Alexandra Nicholson, Davis Wright Tremaine LLP, counsel for A24 Films LLC, to Mr. Fretwell.

42.     On September 13, 2022, AAA e-mailed a letter to A24, explaining that "use of AAA with the recited membership club services, as amended, still results in there being a likelihood that consumers will be confused as to the source or association of the AAA24 mark." AAA reiterated its request that A24 withdraw the service mark application and agree not to use AAA in connection with its services. *See* Ex. D, Letter from Mr. Fretwell to Ms. Nicholson.

43.     A24 did not respond.

44.    On November 9, 2022, AAA sent an e-mail to A24, requesting a response to the September 13 letter.  *See* Ex. E, E-mail from Mr. Fretwell to Ms. Nicholson.

45.    A24 did not respond.

46.    On January 12, 2023, AAA sent another e-mail to A24, requesting a response to the September 13 letter.  *See* Ex. E, E-mail from Mr. Fretwell to Ms. Nicholson.

47.    On March 22, 2023, A24 finally responded to AAA's September 13 letter, offering "to withdraw its application for registration" and suggesting that this measure would address AAA's concerns about the infringing use.  *See* Ex. F, Letter from Ms. Nicholson to Mr. Fretwell.

48.    As discussed below at paragraphs 58 through 62, on April 6, 2023, the USPTO declined to register the AAA24 Mark because of likelihood of confusion with AAA's AAA Marks.

49.    On May 24, 2023, AAA e-mailed a letter to A24, referring to the USPTO findings, explaining that withdrawing the application would not address the harm caused by the infringing use, and reiterating its request that A24 agree not to use AAA in connection with its services.  *See* Ex. G, Letter from Mr. Fretwell to Ms. Nicholson.

50.    A24 did not respond.

51.    On August 10, 2023, AAA sent an e-mail to A24, requesting a response to the May 24 letter.  *See* Ex. H, E-mail from Mr. Fretwell to Ms. Nicholson.

52.    On August 22, 2023, A24 e-mailed a letter to AAA indicating that A24 intended to file a notice of express abandonment of the registration application.  *See* Ex. I, Letter from Nicolas Jampol, Davis Wright Tremaine LLP, counsel for A24 Films LLC, to Mr. Fretwell.

53.    In a separate e-mail sent that same day, A24 told AAA that it "consider[ed] this matter closed."  *See* Ex. J, E-mail from Mr. Jampol to Mr. Fretwell.

54.    A24 has not ceased use of AAA in connection with its services.

55.    On October 2, 2023, AAA sent a letter to A24, explaining that A24's continued use of the AAA24 name with its membership services violates AAA's rights in its Marks and once again requesting that A24 cease and desist from using AAA in connection with its services.  *See* Ex. K, Letter from Mr. Fretwell to Mr. Jampol.

56.    A24 did not respond to the October 2 letter.

**C.    USPTO's Refusal to Register the AAA24 Mark**

57.    On January 12, 2023, AAA submitted a Letter of Protest to the USPTO on the basis that "[t]he protested trademark is likely to be confused with a trademark

in an existing U.S. Registration or prior pending application." *See* Ex. L, Filing Receipt for Letter of Protest Form, Application No. 97/379,480.

58.   On February 8, 2023, the Office of the Deputy Commissioner for Trademark Examination Policy issued a memorandum notifying the examining attorney:  "Upon consideration of evidence included with a letter of protest filed before publication of the [AAA24] mark, it has been determined that the evidence is relevant to the following grounds for refusal:  Possible likelihood of confusion under Trademark Act Section 2(d) with U.S. Registration Nos[.] 2158654, 3316227, 5036379, and 2900596." Ex. M, Letter of Protest (LOP) Memorandum from Dinisha Nitkin, Attorney Advisor, Office of the Deputy Commissioner for Trademark Examination Policy, to Examining Attorney (Feb. 8, 2023); *see also* Ex. N, USPTO Official Notice, Letter of Protest No. PLOP-2023-000115 (Feb. 8, 2023) ("We reviewed the letter of protest and determined that it identifies one or more grounds for refusal appropriate in ex parte examination.").

59.   On April 6, 2023, the USPTO issued a notice of Nonfinal Office Action to A24, refusing registration for the applied-for AAA24 Mark "because of a likelihood of confusion with" AAA's registered AAA Marks, in accordance with 15 U.S.C. § 1052(d), which "bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and services of the applicant and registrant."

*See* Ex. O, USPTO, Office Action (Official Letter About Applicant's Trademark Application, U.S. Application Serial No. 97/379,480 (Apr. 6, 2023) at 2–3; *see also* 15 U.S.C. § 1052(d).

60.     Specifically, the USPTO identified the 12 AAA Marks identified above registered by AAA with which the applied-for AAA24 Mark was likely to be confused:   Reg. Nos. 829,265; 2,158,654; 2,456,403; 2,846,491; 2,855,273; 2,900,596; 2,910,933; 3,110,510; 4,351,635; 4,646,626; 4,646,738; 5,036,379; and 5,838,139.  *See* Ex. O at 2–3; *see also supra* ¶ 20.

61.     In rendering its decision, the USPTO considered the following factors, which it deemed "the most relevant":  similarity of the marks; similarity and nature of the goods and services; and similarity of the trade channels of the goods services. *See* Ex. O at 4.

62.     The USPTO made, among others, the following findings:

(a)     "The dominant portion of the marks are the letters 'AAA'.  The applicant's use of the numeral '24' at the end of his mark is less dominant. Consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark. . . .  Because the marks include the identical and arbitrary letters 'AAA' they sound highly similar and create a highly similar commercial impression.  Similarity in sound alone may be sufficient to support a finding that the marks are confusingly similar.

Therefore, purchasers are likely to believe that applicant's and registrant's services may emanate from the same party[.] . . .  Thus, the marks are confusingly similar.  Potential purchasers of applicant's goods or services may mistakenly believe that applicant's mark is merely an extension of the 'AAA' house mark."  *Id.* at 4–5 (citations omitted).

(b)   "The applicant offers 'membership club services for early or exclusive access to discount products.'  The registrant offers 'membership club' services which offer 'discounts' to members for various goods or services.  The purpose of the services of the parties appears to be highly related.  The services may travel the same trade channels and may be offered to the same potential purchasers, thereby causing a likelihood of confusion in the marketplace."  *Id.* at 5.

(c)   "The marks are highly similar and the goods and services are related.  Therefore, purchasers are likely to be confused as to the source of the applicant's goods and services."  *Id.* at 6.

63.   On August 22, 2023, A24 requested that the application for trademark registration for the AAA24 Mark be abandoned.  *See* Ex. P, USPTO, Request for Express Abandonment (Aug. 22, 2023).

64.    On October 3, 2023, the USPTO issued a formal Notice of Abandonment for the mark.   Ex. Q, USPTO, Official USPTO Notice of Abandonment (Oct. 3, 2023).

### D.    A24's Continued Use of the AAA Marks

65.    Notwithstanding A24's abandonment of its application to register the AAA24 Mark, A24 has not ceased use of the AAA Marks in connection with its services. *See infra* ¶¶ 26–56.  To the contrary, A24 continues to use the AAA24 name, including in connection with its membership club services.  *See* Ex. R Screenshot of A24FILMS.COM, dated Feb. 21, 2024; Ex. S, Screenshot of AAA24.A24FILMS.COM, dated Feb. 21, 2024; Ex. T, Screenshot of AAA24.A24FILMS.COM, dated Feb. 21, 2024; Ex. U, Screenshot of AAA24.A24FILMS.COM, dated Feb. 14, 2024; Ex. V, Screenshot of AAA24.A24FILMS.COM, dated Feb. 14, 2024; Ex. W, Screenshot of AAA24.A24FILMS.COM, dated Feb. 14, 2024; Ex. X, Screenshot of AAA24.A24FILMS.COM, dated Feb. 14, 2024; Ex. Y, Screenshot of AAA24.A24FILMS.COM, dated Feb. 14, 2024; Ex. Z, A24 (@A24), TWITTER (Jan. 3, 2024, 12:01 p.m.), https://twitter.com/A24/status/1742592067383992445.

66.    On information and belief, at the time A24's infringing use of the AAA Marks began and at all times thereafter, A24 has known, or had reason to know, of

AAA's rights in the AAA Marks and has at all times known, or had reason to know, that those Marks are famous and valuable.

67.     On information and belief, A24 knowingly and for profit has engaged in the infringing use of the AAA Marks to attract consumers.

68.     On information and belief, A24 knows and has known that its use of the AAA Marks erroneously conveys that A24's business is sponsored or endorsed by, or otherwise associated or affiliated with, AAA.

69.     There have already been instances of consumers erroneously associating A24's AAA24 service with AAA and its AAA Marks and of third parties noting the potential for confusion.  *See, e.g.*, Ex. AA, Screenshot, u/killassassin47, "Details on the upcoming A24 All-Access App (per 7.25 AAA24 email)", REDDIT, r/A24, https://www.reddit.com/r/A24/comments/14rf2p5/details_on_the_upcoming_a24_allaccess_app_per_725/ (comment by u/NimdokBennyandAM, "AAA24 sounds like a roadside service, not  a movie distribution company's app."); *see also, e.g.*, Rob Litterst, "Why did A24 launch a membership?", THE HUSTLE (Feb. 9, 2024), https://thehustle.co/09122022-a24 ("The membership [] is called AAA24 (not to be confused with AAA, the roadside assistant).").

70.     A24's infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive

AAA Marks. *See, e.g.*, Ex. BB, Screenshot, u/Gowapowa, "AAA24 is a con.", REDDIT, r/A24, https://www.reddit.com/r/A24/comments/xw3ai0/aaa24_is_a_con/; Ex. CC, Screenshot, u/tatisheff, "AAA24 rant", REDDIT, r/A24, https://www.reddit.com/r/A24/comments/v6g77k/aaa24_rant/ ("So far, I am not really understanding why this service should be paid for . . . Here's hoping the membership actually proves to be useful eventually!"); Ex. DD, Screenshot, u/tatisheff, "For those wondering if AAA24 is worth it, here is there 'exclusive' member merch for this month," REDDIT, r/A24, https://www.reddit.com/r/A24/comments/wrognd/for_those_wondering_if_aaa24_is_worth_it_here_is/ ("What a joke."); Ex. EE, Screenshot, u/GloveStatus, "AAA24", REDDIT, r/A24, https://www.reddit.com/r/A24/comments/100x5kq/aaa24/ (comment by u/Noneofyourbusiness70, "it's not worth it"); Ex. FF, Screenshot, u/Batfleck-420, "Disappointed in AAA24 membership?", REDDIT, r/A24, https://www.reddit.com/r/A24/comments/104wuey/disappointed_in_aaa24_membership/.

71.  A24's infringing use has lessened, and will continue to lessen, the capacity of the AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and thus has diluted the distinctive quality of the AAA Marks.

72.     For the foregoing reasons, A24's infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I

### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114)

73.     AAA repeats and realleges the allegations set forth in paragraphs 1–72 of this Complaint.

74.     A24's adoption and infringing use of AAA Marks in commerce, in connection with a membership club service that provides goods and services in competition with those offered by AAA, is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of those goods and services with AAA, in violation of 15 U.S.C. § 1114.

75.     On information and belief, A24's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

76.     As a result of A24's infringement, AAA has suffered damages as well as the continuing loss of goodwill and reputation established by AAA.

77.     On information and belief, A24 has received revenues and profits as a result of its infringing use, to which A24 is not entitled, and AAA has also suffered damages as a result of the infringing use, for which A24 is responsible.

78.   In addition, AAA's continuing loss of goodwill constitutes irreparable harm and an injury for which AAA has no adequate remedy at law.

79.   Unless enjoined, A24 will continue the infringing use of the AAA Marks, further injuring AAA and confusing the public.

## COUNT II

### Federal False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

80.   AAA repeats and realleges the allegations set forth in paragraphs 1–79 of this Complaint.

81.   A24 has willfully and deliberately attempted to trade on the goodwill and reputation of the AAA Marks and AAA in connection with its products and services as well as to confuse consumers as to the origin and sponsorship of A24's goods and services, making them seem as those of AAA.

82.   A24's acts deprive AAA of the ability to control consumer perception of its goods and services offered under its AAA Marks, placing the valuable goodwill and reputation of AAA into the hands of A24.

83.   A24's conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of A24 with AAA, and as to the origin, sponsorship, or approval of A24's infringing use, in violation of 15 U.S.C. § 1125(a).

84.     On information and belief, A24 has received revenues and profits as a result of its infringing use, to which A24 is not entitled, and AAA has also suffered damages as a result of the infringing use, for which A24 is responsible.

85.     A24's violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.

86.     Unless enjoined, A24 will continue the infringing use of the AAA Marks, further injuring AAA and confusing the public.

## COUNT III

## Trademark Infringement and Unfair Competition
### (New York Common Law)

87.     AAA repeats and realleges the allegations set forth in paragraphs 1–86 of this Complaint.

88.     A24's unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under New York common law.  AAA owns and is the prior user of the AAA Marks, and A24's willful and deliberate use of the AAA Marks in commerce is likely to cause, and indeed has already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

89.     A24's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

90.     On information and belief, A24 has received revenues and profits as a result of its unlawful conduct, to which it A24 not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which A24 is responsible.

91.     A24's unlawful conduct has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.

92.     Unless enjoined, A24 will continue the infringing use of the AAA Marks, further injuring AAA and confusing the public.

## COUNT IV

### Unlawful Deceptive Acts and Practices
### (N.Y. Gen. Bus. Law § 349)

93.     AAA repeats and realleges the allegations set forth in paragraphs 1–92 of this Complaint.

94.     A24's infringing use of the AAA Marks constitutes a deceptive trade practice in violation of the New York Consumer Protection Act, New York General Business Law Section 349.

95.     A24's conduct is deceptive in violation of Section 349 because A24 is willfully and deliberately misrepresenting to the public that its product or service is approved or endorsed by, or is otherwise affiliated with, AAA, when it is not.  This conduct is likely to confuse, and indeed has already confused, the public as to whether A24's product or service is approved or endorsed by, or is otherwise affiliated with, AAA.

96.     A24's conduct violates Section 349 because it violates Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and New York common law, as described above and below.

97.     A24's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

98.     On information and belief, A24 has received revenues and profits as a result of its unlawful conduct, to which A24 is not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which A24 is responsible.

99.     A24's unlawful conduct has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.

100.    Unless enjoined, A24 will continue the infringing use of the AAA Marks, further injuring AAA and confusing the public.

## COUNT V

### Federal Trademark Dilution
### (Lanham Act § 43(c), 15 U.S.C. § 1125(c))

101.    AAA repeats and realleges the allegations set forth in paragraphs 1–100 of this Complaint.

102.    A24's infringing use of the AAA Marks violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after the AAA Marks became famous, has diluted and continues to dilute the AAA Marks by

impairing the ability of the AAA Marks to serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

103.   On information and belief, A24's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

104.   A24's violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.

105.   Unless enjoined, A24 will continue the infringing uses\ of the AAA Marks, further injuring AAA and confusing the public.

## COUNT VI

### New York Trademark Dilution
### (N.Y. Gen. Bus. Law § 360-l)

106.   AAA repeats and realleges the allegations set forth in paragraphs 1–105 of this Complaint.

107.   A24's infringing use violates New York General Business Law Section 360-L because such use, which commenced after the AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

108.   A24's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

109.   On information and belief, A24 has received revenues and profits as a result of its unlawful conduct, to which A24 is not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which A24 is responsible.

110.   A24's unlawful conduct has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.

111.   Unless enjoined, A24 will continue the infringing use of the AAA Marks, further injuring AAA and confusing the public.

## PRAYER FOR RELIEF

Wherefore Plaintiff AAA requests that this Court enter judgment in its favor on all counts of this Complaint and grant AAA the following relief:

1.     Enjoin and restrain A24, its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

(a)     Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including the designation "AAA" or any other name, logo, or mark that includes the designations "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain

name, on or in relation to any goods sold or distributed by the A24, or in any other manner; and

(b)     Using combination letter "A's" in any form or manner that would tend to identify or associate A24 or its business or services with AAA, including in the marketing, promotion, advertising, identification, sale, or distribution of goods or services, or in any other manner;

2.     Require A24, pursuant to 15 U.S.C. § 1118 and New York law, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, internet content, stationery, software, and other items in its possession or control that contain the infringing designations "AAA" or any other term confusingly similar to "AAA," either alone or in combination with other words or symbols, and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.     Require A24 to abandon, cancel, delete, and withdraw, with prejudice, any U.S. or state trademark applications or registrations that contain the AAA Marks, or any other state trademark applications or registrations that contain the AAA Marks, or any other confusingly similar name, logo, or mark;

4.     Require A24 to cancel or amend any business name, trade name, license, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including registrations for AAA24;

5.      Require A24 to file with the Court and to serve on AAA, within 30 days after entry of an injunction, a report in writing, under oath, setting forth the manner and form in which A24 has complied with the injunction;

6.      Require A24 to pay AAA for all damages sustained as a result of A24's unlawful conduct described above, plus interest thereon, and require, with respect to damages resulting from infringement of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

7.      Require A24 to account for and pay to AAA all profits derived by A24 resulting from its use of the AAA Marks pursuant to 15 U.S.C. § 1117 and New York law;

8.      Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New York law;

9.      Award prejudgment interest on all liquidated sums; and

10.     Award such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff AAA demands a trial by jury of all issues so triable of right pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:  March 1, 2024                    Respectfully submitted,


                                        */s/ Neil K. Roman*

Neil K. Roman
Robert Hunziker (*pro hac vice* forthcoming)
Ayana Lindsey (*pro hac vice* forthcoming)
COVINGTON & BURLING LLP
One CityCenter
850 10th St NW
Washington, DC 20001
Telephone:  (202) 662-5135
nroman@cov.com
rhunziker@cov.com
alindsey@cov.com

*Counsel for Plaintiff The American Automobile Association, Inc.*