# Laubscher & Laubscher

PATENTS, TRADEMARKS, COPYRIGHTS AND UNFAIR COMPETITION

Michael K. Fretwell
(410) 280-6608
MFrewtell@LaubscherLaw.com

May 24, 2023

Alexandra Nicholson
Davis Wright Tremaine LLP
21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

                               VIA E-MAIL

                      Re:    AAA24
                             Service Mark Application No. 97/379,480
                             Our File No. 28599

Dear Ms. Nicholson:

      I write in response to your letter from March 22, 2023. We have discussed this with our client and disagree with your assessment regarding AAA's rights in its AAA mark and whether your client's use of AAA24 is likely to cause confusion with our client's mark.

      As previously stated, the membership-related discount services provided by your client under its AAA24 mark are sufficiently related to our client's membership-related discount services. Specifically, our client offers membership-related discounts for tickets in the entertainment industry. Beyond this, the use of AAA to provide membership-discount services, generally, is likely to cause consumer confusion. Our client's AAA membership program is widely known as a program that offers discounts beyond driving-related services, including discounts to travel, hotel accommodations, restaurants, shopping and more. Moreover, our client uses its AAA mark to provide information and recommendations related to, among other things, entertainment related locations, venues and services.

      In addition to the related services, the AAA24 mark incorporates the AAA mark in its entirety. The fact that AAA24 is meant to imply "All Access A24" does not obviate the likelihood of confusion. The mark in question is AAA24, not All Access A24. If your client wished to use All Access A24, our client would have no issue with that.

      All of the above has been noted by the US Patent and Trademark Office. As stated in the Office Action from April 6, 2023, the dominant portion of your client's mark and of our client's mark is "AAA" and "[p]otential purchasers of applicant's goods or services may mistakenly believe that applicant's mark is merely an extension of the "AAA" house mark." As noted, the

May 24, 2023
Page 2 of 2

purpose of the services of the AAA registrations and of the AAA24 application appear to be highly related and the services may travel in the same trade channels and may be offered to the same potential purchases.

    Accordingly, we cannot agree that simply withdrawing the AAA24 application will address our client's concerns. The use of the dominant "AAA' with membership club services that cross-over with membership club services offered by our client and are highly related to other membership club services offered by our client is likely to cause confusion. We again demand that your client cease from using AAA with its services.

                                      Sincerely,

                                        Michael K. Fretwell

MKF/mkf
Attachments